STEWART, J.,
dissenting.
Li respectfully dissent regarding the sole issue of the allocation of fault.
The driver of an emergency vehicle is accorded particular driving privileges when responding to an emergency call. La. R.S. 32:24 A. These privileges include exceeding the maximum speed limits “so long as he does not endanger life or property.” La. R.S. 32:24(B)(3). La. R.S. 32:24(B)(2) states in pertinent part:
B. The driver or rider of an unauthorized emergency vehicle may do any of the following:
| ⅞(2) Proceed past a red or stop signal or stop sign, but only after slowing down *1184 or stopping as may be necessary for safe operation. (Emphasis added.)
These special privileges do not “relieve the driver of an authorized vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provision protect the driver from the consequences of his reckless disregard for the safety of others.” La. R.S. 32:24(D).
The duty to yield the right of way to an emergency vehicle arises only when a motorist observes or hears, or under the circumstances should have observed or heard, the audible and visual warnings of such a vehicle. Butcher v. City of Monroe, 31,932 (La.App. 2 Cir. 5/5/99), 737 So.2d 189, writ denied, 99-1608 (La.9/17/99), 747 So.2d 566.
At trial, Officer Herkey testified that his siren was activated. However, two independent witnesses to the accident testified that his siren was not activated, and the trial court found that the testimony of these two witnesses compelling and accepted them. I recognize that Officer Herkey had his lights on. However, considering the fact that the accident occurred shortly after midnight, these visual lights alone were not sufficient to warn Mr. Harrell of Officer Herkey’s patrol unit’s entrance into the intersection. Further, the lack of skid marks from Officer Herkey’s patrol unit strongly suggests that he did not slow down or attempt to stop his patrol unit as he was approaching the intersection. It is clear that Officer Herkey displayed a reckless disregard for the safety of others in this incident. Officer Herkey should have been held solely at fault in causing this accident.
Consequently, I must respectfully dissent.